# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOMER EARL HAWKINS,<br><br>    Plaintiff,<br><br>    v.<br><br>RALPH DIAZ, et al.,<br><br>    Defendants.<br>_____/ | Case No. 1:14-cv-01922-AWI-SKO (PC)<br><br>ORDER ADDRESSING MOTION FOR CLARIFICATION<br><br>(Doc. 9) |

Plaintiff Homer Earl Hawkins, a state prisoner proceeding pro se, filed this civil action in Kings County Superior Court on July 7, 2014. Plaintiff seeks relief in the main pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12131, and the Rehabilitation Act, 29 U.S.C. § 794. Defendants Davis and Carr filed a notice of removal on December 3, 2014, 28 U.S.C. § 1441(a), and they have been granted an extension of time to file a response to Plaintiff's complaint, to commence following statutory screening, 28 U.S.C. § 1915A; Fed. R. Civ. P. 81(c)(2).

On January 7, 2015, Defendants filed a motion seeking clarification regarding their extension of time, which was granted by order filed December 5, 2014. Defendants' uncertainty arises from the text of the docket entry, which indicated their answer was due January 8, 2015, notwithstanding the order granting them an extension of time pending screening.

Parties are bound by orders issued by the Court, which may include minute or text only orders. Docketing of non-minute/text orders, however, is merely an administrative function which

is performed by the Clerk's Office.  Parties are bound by the terms of orders; they may not and should not rely on administrative docket entries which merely describe orders.

      By this order, Defendants' motion for clarification is HEREBY DEEMED ADDRESSED and RESOLVED.

IT IS SO ORDERED.

Dated: **June 30, 2015**     /s/ Sheila K. Oberto
                                    UNITED STATES MAGISTRATE JUDGE