# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOMER EARL HAWKINS, | Case No. 1:14-cv-01922-AWI-SKO (PC) |
| Plaintiff, | ORDER DISMISSING COMPLAINT, WITH LEAVE TO AMEND, FOR FAILURE TO STATE A CLAIM UNDER FEDERAL LAW |
| v. | |
| RALPH DIAZ, et al., | (Doc. 1) |
| Defendants. | |

## First Screening Order

**I.   Background**

Plaintiff Homer Earl Hawkins, a state prisoner proceeding pro se, filed this civil action in Kings County Superior Court on July 7, 2014. Plaintiff is currently incarcerated at California Substance Abuse Treatment Facility and State Prison, Corcoran ("CSATF"), and he brings this action against Warden Ralph Diaz, Sergeant B. Carr, and Associate Warden M. C. Davis. Plaintiff's claims arise out of the destruction and/or loss of his personal property items, which occurred in conjunction with his transfer from Pleasant Valley State Prison ("PVSP") to CSATF in June 2013. Plaintiff seeks $550 in property-related damages and a transfer to an institution designated for his spine and back issues. On December 3, 2014, Defendants Davis and Carr filed a notice of removal based on federal question jurisdiction.[1]  28 U.S.C. § 1441(a).

///

---

[1] There is no indication Defendant Diaz was ever served.

## II. Screening Requirement and Standard

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)), and courts "are not required to indulge unwarranted inferences," *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). While factual allegations are accepted as true, legal conclusions are not. *Iqbal*, 556 U.S. at 678. Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted), but nevertheless, the mere possibility of misconduct falls short of meeting the plausibility standard, *Iqbal*, 556 U.S. at 678; *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

## III. Discussion

### A. Jurisdiction

Under 28 U.S.C. § 1441(a), a defendant may remove from state court any action "of which the district courts of the United States have original jurisdiction." Federal courts "shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. The removal statute is strictly construed, and Defendants bear the burden of establishing grounds for removal. *Syngenta Crop Protection, Inc. v. Henson*, 537 U.S. 28, 32, 123 S.Ct. 366 (2002); *Provincial Government of Marinduque v. Placer Dome, Inc.*,

582 F.3d 1083, 1087 (9th Cir. 2009). As a threshold matter, courts "must consider whether federal jurisdiction exists, even if no objection is made to removal, and even if both parties stipulate to federal jurisdiction," *Rains v. Criterion Systems, Inc.*, 80 F.3d 339, 342 (9th Cir. 1996) (citations omitted), and "federal jurisdiction 'must be rejected if there is any doubt as to the right of removal in the first instance,'" *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996) (quoting *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992)).

"The presence or absence of federal-question jurisdiction is governed by the well-pleaded complaint rule, which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392, 107 S.Ct. 2425 (1987) (internal quotations and citations omitted). "The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." *Caterpillar, Inc.* 482 U.S. at 392.

Plaintiff cites to 42 U.S.C. § 12131, et seq., the Americans with Disabilities Act ("ADA"), and 29 U.S.C. § 794, the Rehabilitation Act ("RA"), and he alleges that he was injured when his appliances were taken and he was unable to move. These allegations are sufficient to demonstrate the existence of federal-question jurisdiction. 28 U.S.C. § 1441(a). Plaintiff also cites to the Constitution, although his theory for any constitutional claim is not identified. For the reasons set for below, Plaintiff fails to state any claims for relief under federal law and if he is unable to cure those deficiencies, this action may be subject to remand to Kings County Superior Court. 28 U.S.C. § 1367(c)(3); *Parra v. PacifiCare of Az., Inc.*, 715 F.3d 1146, 1156 (9th Cir. 2013); *Herman Family Revocable Trust v. Teddy Bear*, 254 F.3d 802, 805 (9th Cir. 2001). The Court will provide Plaintiff with the opportunity to file an amended complaint clarifying his claims.

The Court can glean little from the complaint regarding the factual bases for Plaintiff's federal ADA and/or RA claims but given that the main focus of this suit appears to be the destruction and/or loss of his personal property by PVSP staff during the course of his transfer to CSATF, sufficiency of the relationship between the federal and state claims may be an issue.[2] 28

---

[2] Plaintiff appears to recognize that redress for the destruction and/or loss of his personal property items is confined to state law. *Hudson v. Palmer*, 468 U.S. 517, 533, 104 S.Ct. 3194 (1984); *Barnett v. Centoni*, 31 F.3d 813, 816-17 (9th

U.S.C. § 1367(a).  Therefore, Plaintiff is placed on notice that "the federal courts' original jurisdiction over federal questions carries with it jurisdiction over state law claims that 'derive from a common nucleus of operative fact,' such that 'the relationship between [the federal] claim and the state claim permits the conclusion that the entire action before the court comprises but one constitutional case.'"  *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 164-65, 118 S.Ct. 523 (1997) (quoting *Mine Workers v. Gibbs*, 383 U.S. 715, 725, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966)).  Federal and state claims that do not derive from a common nucleus of operative fact, and therefore do not form part of the same case or controversy, may not procced together in this action.  28 U.S.C. § 1367(a); *Stevedoring Servs. of America, Inc. v. Eggert*, 953 F.2d 552, 557-58 (9th Cir. 1992); *Valles v. Pima Cnty.*, 642 F.Supp.2d 936, 938-39 (D.Ariz. 2009); *Hernandez v. Hilltop Fin. Mortg.*, 622 F.Supp.2d 842, 853 (N.D.Cal. 2007).

### B.     Federal ADA and RA Claims

Title II of the ADA and section 504 of the RA prohibit discrimination on the basis of disability.  *Lovell v. Chandler*, 303 F.3d 1039, 1052 (9th Cir. 2002).  "To establish a violation of Title II of the ADA, a plaintiff must show that (1) [he] is a qualified individual with a disability; (2) [he] was excluded from participation in or otherwise discriminated against with regard to a public entity's services, programs, or activities; and (3) such exclusion or discrimination was by reason of [his] disability," and "[t]o establish a violation of § 504 of the RA, a plaintiff must show that (1) [he] is handicapped within the meaning of the RA; (2) [he] is otherwise qualified for the benefit or services sought; (3) [he] was denied the benefit or services solely by reason of [his] handicap; and (4) the program providing the benefit or services receives federal financial assistance."  *Lovell*, 303 F.3d at 1052; *accord Simmons v. Navajo Cnty.*, 609 F.3d 1011, 1021-22 (9th Cir. 2010).

Although Plaintiff cites to the ADA and the RA in his complaint, he fails to allege any facts supporting a claim that he was excluded from or discriminated against with regard to services, programs, or activities by reason of his disability.  In as much as Plaintiff is seeking

---

Cir. 1994); *see also Escamilla v. Dep't of Corrs. & Rehab.*, 141 Cal.App.4th 498, 46 Cal.Rptr.3d 408 (Cal.Ct.App. 2006).

4

transfer to a designated institution for his spine and back issues, Plaintiff is informed that treatment, or lack of treatment, concerning a medical condition does not provide a basis upon which to impose liability under the ADA. *Simmons*, 609 F.3d at 1022 (citing *Bryant v. Madigan*, 84 F.3d 246, 249 (7th Cir. 1996)). Additionally, while Plaintiff may name the appropriate entity or state officials in their official capacities, individual capacity suits against individual prison employees in their personal capacities are precluded under the ADA and the RA. *E.g.*, *Heinke v. Cnty. of Tehama Sheriff's Dept.*, No. CVI S-12-2433 LKK/KJN, 2013 WL 3992407, at *7 (E.D. Cal. Aug. 1, 2013); *White v. Smyers*, No. 2:12-cv-2868 MCE AC P, 2012 WL 6518064, at *6 (E.D. Cal. Dec. 13, 2012); *Mosier v. California Dep't of Corr. & Rehab.*, No. 1:11-CV-01034-MJS (PC), 2012 WL 2577524, at *8 (E.D. Cal. Jul. 3, 2012); *Shaughnessy v. Hawaii*, No. 09-00569 JMS/BMK, 2010 WL 2573355, at *8 (D.Hawai'i Jun. 24, 2010); *Anaya v. Campbell*, No. CIV S-07-0029 GEB GGH P, 2009 WL 3763798, at *5-6 (E.D.Cal. Nov. 9, 2009); *Roundtree v. Adams*, No. 1:01-CV-06502 OWW LJO, 2005 WL 3284405, at *8 (E.D.Cal. Dec. 1, 2005) (quoting *Thomas v. Nakatani*, 128 F.Supp.2d 684, 691 (D. Haw. 2000)).

Plaintiff's ADA and RA claims are dismissed, with leave to amend, for failure to state a claim.

**C.** **Constitutional Claims**

While Plaintiff refers to the Constitution in his complaint, he identifies no facts supporting any viable federal claims arising from violation of the United States Constitution. Plaintiff is provided with the following standard for guidance in amending his complaint.

42 U.S.C. § 1983 provides a cause of action for the violation of Plaintiff's constitutional or other federal rights by persons acting under color of state law. *Nurre v. Whitehead*, 580 F.3d 1087, 1092 (9th Cir 2009); *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006); *Jones*, 297 F.3d at 934. "Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Crowley v. Nevada ex rel. Nevada Sec'y of State*, 678 F.3d 730, 734 (9th Cir. 2012) (citing *Graham v. Connor*, 490 U.S. 386, 393-94, 109 S.Ct. 1865 (1989)) (internal quotation marks omitted). To state a claim, Plaintiff must allege facts demonstrating the existence of a link, or causal connection, between each

defendant's actions or omissions and a violation of his federal rights. *Lemire v. California Dep't of Corr. and Rehab.*, 726 F.3d 1062, 1074-75 (9th Cir. 2013); *Starr v. Baca*, 652 F.3d 1202, 1205-08 (9th Cir. 2011).

### IV. Conclusion and Order

Plaintiff's complaint fails to state a claim upon which relief may be granted under federal law. The Court will grant Plaintiff with the opportunity to amend. *Akhtar v. Mesa*, 698 F.3d 1202, 1212-13 (9th Cir. 2012); *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000); *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint, *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007), and Plaintiff is cautioned that an amended complaint supercedes the original complaint, *Lacey v. Maricopa County*, 693 F.3d 896, 907 n.1 (9th Cir. 2012) (en banc), and it must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220. Plaintiff must clarify the factual bases for his legal claims, against whom each claim is proceeding, and the relief he is seeking, as there is inconsistency between the factual allegations, the claims, and the relief sought.[3] Fed. R. Civ. P. 8(a). Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed, with leave to amend, for failure to state a claim under federal law;
2. The Clerk's Office shall send Plaintiff a civil rights complaint form;[4]
3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint; and

///
///
///

---

[3] *E.g.,* Plaintiff cites to the ADA and RA but sets forth no facts supporting a claim, and he seeks a prison transfer but that form of relief is not tethered to any legal claim or factual allegations.

[4] Plaintiff is not required to allege any claims under section 1983, but that is the Court's standard form complaint which is available. Plaintiff should not view the citation to section 1983 as either encouraging or discouraging him from bringing section 1983 claims. Plaintiff is entitled to cross out the reference to section 1983 and/or to add whichever federal and/or state claims he wishes to pursue in this civil action.

4. If Plaintiff fails to file an amended complaint in compliance with this order, his federal claims will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated:   **October 27, 2015**                              /s/ Sheila K. Oberto
                                                      UNITED STATES MAGISTRATE JUDGE